UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CRUM & FORSTER INSURANCE COMPANY,

                Plaintiff,

        -against-

GOODMARK INDUSTRIES, INC. and NAT
SCHLESINGER,

                Defendants/Third-Party Plaintiffs,

        -against-

HORIZON INTERNATIONAL GROUP LTD.,
CAMBRIDGE HORIZON CONSULTANTS, INC.,
JOHN MORRONGIELLO, and NORMAN
BENET,

                Third-Party Defendants.

------------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
05-cv-3633 (ADS)(ETB)

**APPEARANCES:**

**COZEN AND O'CONNOR, P.C.**
Attorneys for the Plaintiff
The Atrium
1900 Market Street
Third Floor
Philadelphia, PA 19103
      By:    Elaine M. Rinaldi, Esq.,
                John Brian Galligan, Esq.,
                Michael James Sommi, Esq.,
                Robert W. Phelan, Esq., Of Counsel

**JEREMY L. GUTMAN**, **ESQ.**
Attorney for the Defendants
251 East 61st Street
New York, NY 10021

**SHEARMAN & STERLING LLP**
Attorneys for the Third-Party Defendants Previously Dismissed
599 Lexington Avenue
New York, NY 10021
        By:    Daniel M. Segal, Esq.,
                 Steven F. Molo, Esq., Of Counsel

**SPATT, District Judge.**

On August 2, 2005, Crum & Forster Insurance Company (the "Plaintiff" or "Crum & Forster") filed a complaint against Goodmark Industries, Inc. ("Goodmark") and Nat Schlesinger ("Schlesinger") (collectively the "Defendents").

Currently pending before the Court is a motion by the Plaintiff for: (1) prejudgment interest, pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") 5001(b); (2) attorneys' fees, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 54(d)(2); (3) post-judgment interest, pursuant to 28 U.S.C. § 1961; and (4) costs and disbursements, pursuant to 28 U.S.C. § 1920 and Local Rule 54.1.

### I. BACKGROUND

**A.**     **Factual Background**

The background of this case is set forth in the Court's Memoranda of Decision and Order of May 22, 2007 and September 29, 2007. Familiarity with those decisions is assumed.

**B.	Procedural History**

On August 2, 2005, Crum & Forster filed a complaint against Goodmark and Schlesinger alleging that they defrauded the Plaintiff. In the complaint, the Plaintiff alleges that the Defendants committed fraud; made intentional misrepresentations; breached a contract; and engaged in a conspiracy to defraud the Plaintiff. Specifically, the Plaintiff contends that it unknowingly made payments on fraudulent insurance claims submitted by Goodmark and Schlesinger.

On November 10, 2005, the Defendants filed a third-party complaint against Horizon Investment Group Ltd. ("Horizon"), Cambridge Horizon Consultants, Inc. ("Cambridge"), John Morrongiello ("Morrongiello"), and Norman Benet ("Benet") (collectively the "Third-Party Defendants"). The Defendants alleged that the Third-Party Defendants, who were insurance adjusters, actually defrauded the Plaintiff; breached a contract; breached the convenant of good faith; and were negligent.

On May 22, 2007, this Court dismissed the third party complaint. Crum & Forster Ins. Co. v. Goodmark Indust. Inc., 488 F. Supp. 2d 241 (E.D.N.Y. 2007). The Court determined that the Defendants sought to relitigate the same issues decided in the prior criminal case by denying their liability and alternatively, claiming that if fraudulent claims were submitted to Crum & Forster, any fraud was committed by the Third-Party Defendants. As such, the Court found that the doctrine of collateral estoppel barred the interposition of the third-party complaint and granted the Third-Party Defendants' motion to dismiss the third-party complaint.

On August 7, 2007, the Plaintiff filed a motion for summary judgment based on the doctrine of collateral estoppel. The Plaintiff contended that the Defendants were collaterally estopped from litigating the issues raised in the complaint because the issues were previously addressed during the criminal trial and were resolved by the Defendants' criminal convictions. The Defendants did not oppose the motion.

On September 29, 2007, this Court granted the Plaintiff's motion for summary judgment. The Court determined that the Defendants were collaterally estopped from re-litigating the issues that were litigated during their criminal trial and decided by their criminal convictions. The Court found that the Plaintiff's claims involved the same issues that were determined adversely to the Defendants in the criminal proceeding. The Court referred the issue of damages to United States Magistrate Judge E. Thomas Boyle for an inquest and a Report and Recommendation.

On December 4, 2007, the parties stipulated to an award of actual damages in the amount of $934,319.00. The parties also agreed that the Plaintiff would file a motion for prejudgment interest and attorneys' fees.

On December 17, 2007, the Plaintiff filed the present motion for prejudgment interest; attorneys' fees; post-judgment interest; and costs. The Plaintiff contends that it is entitled to prejudgment interest as a matter of right under New York law and that under Federal law, post-judgment interest can be awarded on money judgments in civil cases. The Plaintiff also contends that, in the interests of justice, this Court should exercise its inherent equitable power to award attorneys' fees. Finally, the

Plaintiff claims that under Federal law, the prevailing party enjoys a strong presumption that costs will be awarded in full measure.

On January 13, 2008, the Defendants filed a memorandum in opposition to the Plaintiff's motion. However, the Defendants only oppose an award of attorneys' fees and do not address the Plaintiff's other requests.

On April 30, 2008, Judge Boyle "so ordered" the parties' stipulation regarding damages.

## II. DISCUSSION

### A. As To Pre-judgment Interest

The Plaintiff contends that it is entitled to pre-judgment interest. "The question of an award of interest before judgment is governed by New York law." Ramnarain v. City of New York, 474 F. Supp. 2d 443, 447 (E.D.N.Y. 2007). Pursuant to N.Y. C.P.L.R. § 5001(a):

> Interest shall be recovered upon a sum awarded because of . . . an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

As such, "[p]re-judgment interest must be computed as an ascertainable amount pursuant to New York Civil Practice Law and Rules § 5001." Grace v. Corbis-Sygma, 487 F.3d 113, 124 (2d Cir. 2007). "In New York, the applicable interest rate is nine per centum per annum." Lavely v. Redheads, Inc., No.03 Civ. 7752, 2007 U.S. Dist.

LEXIS 77109, at *16 (S.D.N.Y. Oct. 12, 2007) (citing C.P.L.R. § 5004).

"[U]nder New York law, prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract." New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 606 (2d Cir. 2003) (internal citations omitted). See also Lavely, 2007 U.S. Dist. LEXIS at *15-16 ("A judgment for damages on such a claim is subject to New York Civil Practice Law and Rules ('CPLR') § 5001, which mandates that prejudgment interest be recovered and fixes the rate of interest"). "Courts applying § 5001(a) have without qualification awarded interest as a matter of right whenever any tortious conduct causes pecuniary damage to tangible or intangible property interests." Mallis v. Bankers Trust Co., 717 F.2d 683, 695 (2d Cir. 1983).

The Court granted the Plaintiff's motion for summary judgment on the fraud, breach of contract, conversion and civil conspiracy claims. Clearly, the Defendants' tortious conduct deprived the Plaintiff of a property right. As a result, an award of pre-judgment interest is appropriate.

In the present case, the parties stipulated to an award of damages in the amount of $934,319.00. In its motion, the Plaintiff proposes that the "[s]imple interest accruing on $934,319.00 from the dates of payment to February 5, 2008 thus totals $688,653.88." Specifically, the Plaintiff contends that it made the first payment, an advance on the Defendants' damages, in the amount of $100,000.00 on August 17, 1999. The Plaintiff contends that it made the second payment to the Defendants in the

amount of $834,319.00 on December 10, 1999.

The Plaintiff's motion for pre-judgment interest is granted. The Plaintiff is awarded prejudgment interest of 9% on the amount of $100,000 from August 17, 1999 through the date of the judgment. The Plaintiff is awarded prejudgment interest of 9% on the amount of $834,319.00 from December 10, 1999 through the date of the judgment.

**B.     Post-judgment Interest**

The Plaintiff also contends that it is entitled to post-judgment interest. Under Federal law, "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). As such, post-judgment interest is awarded "as a matter of course in federal courts . . . and is mandatory for any money judgment." Ramnarian, 474 F. Supp. 2d at 445 (citing Donovan v. Sovereign Security, Ltd., 726 F.2d 55, 58 (2d Cir. 1984)). Specifically, "[p]ost- judgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment." Andrulonis v. United States, 26 F.3d 1224, 1230 (2d Cir. 1994). Here, the Court finds that an award of post-judgment interest is appropriate.

Therefore, the Plaintiff is entitled to post-judgment interest, at the rate "as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment," commencing from the date the judgment is entered. 28 U.S.C. § 1961(a).

## C. Attorneys' Fees

The Plaintiff further contends that in the "interests of justice," attorneys' fees should be awarded. In the United States, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Service Co. v. Wilderness Society et al., 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). See also Summit Valley Indus. Inc. v. United Bhd. of Carpenters & Joiners, 456 U.S. 717, 721, 72 L. Ed. 2d 511, 102 S. Ct. 2112 (1982). In this regard, "'it is well established that attorney[s'] fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.'" United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 74 (2d Cir. 2004) (citing Summit Valley Indus., 456 U.S. at 721). See also Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003) ("Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule"). In addition, "the court has the power, upon appropriately specific findings . . . to award the prevailing party attorneys' fees where the other party has conducted an action in bad faith, vexatiously, wantonly, or for oppressive reasons." Mar Oil, S.A. v. Morrissey, 982 F.2d 830, 844 (2d Cir. 1993) (internal citations omitted).

The Plaintiff contends that this Court should award attorneys' fees in "the interests of justice." However, the Plaintiff does not rely upon a statute or agreement between the parties regarding fees. Instead, the Plaintiff appears to rely upon the

8

Defendants' pre-litigation improper behavior and fraudulent actions related to their criminal conduct. However, the Plaintiff does not allege that the Defendants committed misconduct or acted in bad faith in relation to the present civil action before this Court. The Second Circuit determined that:

> appropriate focus for the court in applying the bad-faith exception to the American Rule is the conduct of the party in instigating or maintaining the litigation, for an assessment of whether there has been substantive bad faith as exhibited by, for example, its pursuit of frivolous contentions, or procedural bad faith as exhibited by, for example, its use of oppressive tactics or its willful violations of court orders. We think it appropriate to note, moreover, that the litigation to be focused on is the same litigation in which the fee award is under consideration.

Dow Chem. Pac. v. Rascator Mar. S.A., 782 F.2d 329, 345 (2d Cir. 1986).

In the present case, the Court declines to award attorneys' fees to the prevailing Plaintiff. As such, the Plaintiff's motion for attorneys' fees is denied.

**D.      Costs and Disbursements**

The Plaintiff seeks to recover costs and disbursements expended over the course of this civil litigation. "[T]he decision of whether to award costs . . . 'is committed to the sound discretion of the district court.'" Cosgrove v. Sears, Roebuck, & Co., 191 F.3d 98, 102 (2d Cir. 1999) (quoting ARP Films, Inc. v. Marvel Entm't Group, Inc., 952 F.2d 643, 651 (2d Cir. 1991));  McDonnell v. American Leduc Petroleums, Ltd., 456 F.2d 1170, 1188 (2d Cir. 1972); see also Suffolk County v. Secretary of Interior, Nos. 75-C-208, 76-C-1229, 1977 U.S. Dist. LEXIS 13293, at *7

(E.D.N.Y. Oct. 26, 1977) ("The almost unreviewable discretion of the district judge to award or to disallow costs to the prevailing party has been uniformly recognized").

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fee – should be allowed to a prevailing party." Moreover, "an award [for costs] against the losing party is the normal rule obtaining in civil litigation, not an exception." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001) (citing Mercy v. County of Suffolk, 748 F.2d 52, 54 (2d Cir. 1984)).

After the prevailing party demonstrates the total amount of its costs, that party "enjoys a presumption that its costs will be awarded." Zacharowicz v. Nassau Health Care Corp, No. 02-CV-4510, 2007 U.S. Dist. LEXIS 20946, at *4-5 (E.D.N.Y. Mar. 22, 2007). The losing party bears the burden of showing that costs should not be imposed. Whitfield, 241 F.3d at 270; see also Pierre v. City of New York, No. 05-CV-5018, 2008 U.S. Dist. LEXIS 29107, at * 7 (E.D.N.Y. Apr. 9, 2008). "[C]osts may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Whitfield, 241 F.3d at 270 (citing Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 592-93 & n.15 (9th Cir. 2000) (en banc)).

In the present case, the Plaintiff seeks $923.30 in costs. Specifically, the Plaintiff seeks reimbursement for the following fees: (1) fees of the clerk; (2) fees for service of summons and subpoena; and (3) fees for exemplification and copies of

papers necessarily obtained for use in this case. The items listed by the Plaintiff are taxable costs within the meaning of Fed. R. Civ. P. 54(d). Lavely, 2007 U.S. Dist. LEXIS at *25. Moreover, the Defendants have not opposed the Plaintiff's motion for costs.

As such, the Plaintiff's motion for costs is granted and the Plaintiff is entitled to recover costs in the amount of $923.30.

## **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's motion for pre-judgment interest is **GRANTED**; and it is further

**ORDERED**, that the Plaintiff's motion for post-judgment interest is **GRANTED**; and it is further

**ORDERED**, that the Plaintiff's motion for attorneys' fees is **DENIED**; and it is further

**ORDERED**, that the Plaintiff's motion for costs and disbursements is **GRANTED**; and it is further

**ORDERED,** that the Clerk of the Court is directed to enter judgment in favor of the Plaintiff in the amount of $934,319.00; plus prejudgment interest of 9% on the amount of $100,000 from August 17, 1999 through the date of the judgment; plus pre-judgment interest of 9% on the amount of $834,319.00 from December 10, 1999

through the date of the judgment; plus post-judgment interest; and $923.30 in costs; and it is further

      **ORDERED**, that the Clerk of the Court is directed to close this case.

      **SO ORDERED.**

Dated: Central Islip, New York
       July 17, 2008

                                      */s/ Arthur D. Spatt*
                                    ARTHUR D. SPATT
                            United States District Judge